**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

JAMES PRESTON FRYE, a/k/a Jamie
Frye,

        *Defendant-Appellant.*

No. 02-4395

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-167)

Submitted: November 18, 2002

Decided: December 17, 2002

Before LUTTIG, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted James Preston Frye, Jr., of one count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (2000). After trial but before sentencing, Frye moved to set aside the verdict and for a new trial based on juror misconduct. The court did not grant the motions but did allow Frye to subpoena telephone records and recordings in an attempt to build evidentiary support for his motions. Frye later moved to interview jurors. The court denied the motions and sentenced Frye to 120 months of imprisonment and eight years of supervised release. Frye appeals the denial of his post-trial motions, and we affirm.

Frye provided two affidavits in support of his motion. One was from an inmate, Aaron Harley, who stated that Frye's prior record, not in evidence at trial, was the reason for Frye's conviction. The affidavit contained no indication of the source of this knowledge. The second affidavit was from Charles Pratt, a defense witness at trial, who stated that Harley called him and told him the same information concerning Frye's trial and that Harley got this information from another inmate, Timothy Taylor. In addition to the affidavits, Frye submitted tape recordings of a telephone call between Taylor and his father, who was married to a member of Frye's jury. Taylor's father mentioned that by chance, he found out after the trial that Frye had a prior record, and that "if the jurors had known that they probably would have convicted him faster than they did."

Frye then moved to interview jurors, but the district court denied the motions, finding "insufficient evidence based on this record to establish the good cause for any kind of interview with the jurors," and that any notion of misconduct was "pure speculation."

Post-trial requests to impeach a jury verdict by contact with jurors are disfavored and must be supported by a threshold showing of

improper outside influence on the jurors. *See* Fed. R. Evid. 606(b); *Tanner v. United States*, 483 U.S. 107, 125 (1987); *United States v. Gravely*, 840 F.2d 1156, 1159 (4th Cir. 1988). Rule 606(b) precludes testimony by jurors about "the effect of anything upon that or any other juror's mind or emotions as influencing the juror . . . or concerning the juror's mental processes in connection therewith." Fed. R. Evid. 606(b). This court's review is for abuse of discretion. *Gravely*, 840 F.2d at 1159.

We conclude Frye did not make the requisite showing. The evidence presented was entirely speculative and did not in any way indicate the jury knew about Frye's record. The district court has wide discretion in dealing with allegations of juror misconduct, and the court did not abuse that discretion here. *See Gravely*, 840 F.2d at 1159; *United States v. Duncan*, 598 F.2d 839, 866 (4th Cir. 1979). Nor did the court err in denying Frye's motions to set aside the verdict and for a new trial, as the only ground for these motions was juror misconduct, which Frye failed to show. We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*